UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALTER BUSINESS ADVISORS,
LLC,

    Plaintiff,

v.                                             Case No.: 2:23-cv-715-JLB-KCD

THE DOC APP, INC., NICHOLAS
GARULAY, and PITCREW GG
HOLDINGS, LLC,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff Alter Business Advisors, LLC's Motion to Remand to State Court for Lack of Jurisdiction and for an Award of Attorney's Fees. (Doc. 16).[1] Defendants responded (Doc. 25), making this matter ripe. For the below reasons, Alter's motion is granted in part and denied in part.

### I. Background

This is a breach of contract case initially filed in state court by Alter, a business brokerage firm. Defendants hired Alter to help them sell a business—The Doc App, Inc. Alter alleges that Defendants breached the listing

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

agreement, which triggered Alter's right to a $650,000 commission that Defendants refuse to pay. (Docs. 14, 14-1.)

The initial complaint included an allegation that The Doc App "is a medical marijuana business." (Doc. 1 at 2.) Seizing on this, Defendants removed the case under 28 U.S.C. § 1331, federal question jurisdiction, because "the claims asserted by Plaintiff involve questions of federal law, including but not limited to, the Controlled Substances Act (CSA), and the Supremacy Clause of the U.S. Constitution." (*Id.* at 1.) The Notice of Removal further explains,

> Defendants assert that the claims brought by Plaintiff against them in the state court Complaint are subject to federal defenses and require the interpretation and application of federal laws, including the CSA, which classifies marijuana as a Schedule I controlled substance. The claims further involve issues of federal preemption and the interplay between federal and state laws, particularly in relation to contracts involving marijuana-related activities.

(*Id.*)

After removal, Alter amended the complaint to remove any mention of medical marijuana, explaining that the references "were gratuitous and perhaps inaccurate." (Doc. 16 at 2.) The operative complaint now contains one count for breach of contract. (Doc. 14.)

Shortly after amending, Alter moved to remand. It argues that the complaint pleads a simple breach of contract claim that does not raise an adequate or substantial federal question to invoke this Court's jurisdiction.

2

(Doc. 16.) And even if a federal question were raised, the Court should abstain from hearing the case based on principles of comity and abstention. (*Id.*)

Since no federal question has been raised under any version of the complaint, the Court agrees with Alter that this case should return to state court.

## II.  Legal Standard

In cases removed from state to federal court, "the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007). Any doubt "about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal[-question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). To satisfy this rule, the complaint—on its face—must invoke federal law as the basis for relief. Because doubts are resolved in favor of remand, the analysis of federal-question jurisdiction must entail "careful

judgments about the exercise of federal judicial power." *Merrell Dow*, 478 U.S. at 814.

### III. Discussion

To start, the Court struggles to follow Defendants' argument against remand. (Doc. 25.) The response brief meanders between rhetoric and substance without advancing a clear rationale. As best the Court can tell, the argument boils down to this: the listing agreement is unenforceable (or void) because Alter failed to disclose that The Doc App is a medical marijuana business, and marijuana is regulated by the CSA, a federal law. In other words, the listing agreement is unenforceable because it somehow violates federal law, making federal concerns, according to Defendants, "intrinsic to the contracts in dispute." (Doc. 25 at 4.)

But the problem for Defendants is that, at most, these arguments are federal defenses to the breach of contract claim that do not establish a basis for this Court's jurisdiction. *See Franchise Tax Bd. of Cal. v. Constr. Labs. Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."); *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the

Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Indeed, Defendants seemingly admit as much in their notice of removal. (*See* Doc. 1 at 1 ("Defendants assert that the claims brought by Plaintiff against them in the state court Complaint are subject to federal *defenses* ….)).

Defendants cite the CSA at 21 U.S.C. § 811. (Doc. 25 at 8-9.) But this section of the Act has nothing to do with the enforceability of contracts. It instead outlines the authority and criteria that the Attorney General has for classifying controlled substances, such as marijuana. No one seems to dispute that marijuana is a controlled substance under federal law. That fact alone, however, does not give this Court authority to adjudicate breach of contract claims that tangentially relate to a state-sanctioned marijuana industry. *See, e.g.*, *MRC44, LLC v. City of Miami*, 561 F. Supp. 3d 1288, 1295 (S.D. Fla. 2021).

Defendants also rely heavily on *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998) and *Gonzales v. Raich*, 545 U.S. 1 (2005). Yet neither case speaks to the jurisdictional question here. *Gonzales* holds that prohibiting the growth and use of marijuana is rationally related to regulation of interstate commerce, and *Rivet* discusses that a plaintiff may not defeat removal by failing to plead necessary federal questions. This is not a case in which Alter has failed to plead violations of federal law so it could avoid federal court.

5

Federal law does not provide a common law breach of contract action that Alter could have (or should have) otherwise pled.

At bottom, Alter's breach of contract claim doesn't require interpretation of the CSA or any federal law. While the CSA could be a defense, Defendants can raise that issue in state court. *See Harris v. Gonzalez*, 789 So. 2d 405, 409 (Fla. Dist. Ct. App. 2001) ("A contract which violates a provision of the constitution[,] or a statute is void and illegal and, will not be enforced in our courts."). With only a potential defense to enforceability of the contract grounded in federal law, this case belongs in state court. *See MRC44, LLC*, 561 F. Supp. 3d 1288 at 1291-97 (remanding litigation between marijuana dispensary and local government because the "Plaintiffs' right to relief does not depend upon the construction or application of federal law").

That leaves the question of attorney's fees. Alter seeks fees for the improper removal. (Doc. 16 at 12.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).[2] "[T]he standard for awarding fees [turns] on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances,

---

[2] Defendants also seek relief under 28 U.S.C. § 1447(c). They ask for the attorney's fees "incurred as a result of the Alter's intentional omissions in an effort to force removal of this action by hiding the contracts associated with medical marijuana" (Doc. 25 at 16.) But § 1447(c) only contemplates penalizing the party who improperly removed the case. Alter did not remove this case, improperly or otherwise.

courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* The Court denies the request for fees because a thorough review of the briefing reveals a colorable, although misplaced, basis for removal based on the language in the initial complaint.

Accordingly, it is **ORDERED**[3]:

1. Alter's Motion for Leave to Remand to State Court (Doc. 16) is **GRANTED**. The request for attorney's fees is **DENIED**.

2. If no objections are filed within 14 days of this order, which is the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to remand this case to state court by transmitting a certified copy of this Order to the clerk of court for the Twentieth Judicial Circuit in and for Collier County, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

3. If objections are timely filed, the Clerk is directed to hold disposition until ordered by the District Judge.

---

[3] Defendants' motion is addressed through an order because a motion to remand does not address the merits of the case but merely changes the forum. *See, e.g.*, *Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).

7

**ORDERED** in Fort Myers, Florida on November 13, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record