UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALTER BUSINESS ADVISORS, LLC,

        Plaintiff,

v.                                      Case No:  2:23-cv-715-JLB-KCD

THE DOC APP, INC., NICHOLAS
GARULAY, and PITCREW GG
HOLDINGS, LLC,

        Defendants.
_____/

## ORDER

On November 13, 2023, the Magistrate Judge entered an Order recommending that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction and for an Award of Attorneys' Fees ("Motion to Remand") (Doc. 16) be granted in part and denied in part.  (Doc. 34).[1]  On November 27, 2023, Defendants filed their Objection to the Magistrate Judge's Order.  (Doc. 36).  After an independent review of the record, the Court **OVERRULES** Defendants' Objection (Doc. 36) and **ADOPTS** the Magistrate Judge's Order (Doc. 34).  As set forth herein, the Court finds that Plaintiff's Motion to Remand is **GRANTED in part** and **DENIED in part.**

---

[1] For the reasons discussed below, the Court will construe the Magistrate Judge's Order as a Report and Recommendation and will therefore review the objections *de novo*, as required by 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Plaintiff is a brokerage firm business hired by Defendants to sell their business, The Doc App, Inc. ("The Doc App"). (Doc. 14 at ¶¶ 8, 10). Plaintiff initially sued Defendants in state court for breach of contract, alleging that Defendants breached the Sole and Exclusive Right to Sell agreement (the "Listing Agreement"). (*See* Doc. 1-4). Plaintiffs argue that Defendants breached the Listing Agreement and owe them a $650,000 commission. (Doc. 14 at ¶¶ 19, 23, 35; Doc. 14-1).

Plaintiff's original complaint alleged that The Doc App is a "medical marijuana business." (Doc. 1-4 at ¶ 9). Defendants removed the case under federal question jurisdiction, 28 U.S.C. § 1331, claiming the breach of contract claim is ostensibly related to the Controlled Substances Act (CSA) and the Supremacy Clause of the United States Constitution, because of The Doc App's dealings with medical marijuana. (Doc. 1 at 1–2). Specifically, Defendants contend that marijuana's classification as a Schedule I controlled substance subjects the breach of contract claim to "federal defenses and require[s] the interpretation and application of federal laws . . ." and involves issues of "federal preemption and the interplay between federal and state laws . . . ." (*Id.* at 1).

After removal, Plaintiff filed an amended complaint, omitting all references to medical marijuana. (*See* Doc. 14). Plaintiff's Motion to Remand clarifies that the medical marijuana references in the initial complaint were "perhaps inaccurate," stating that The Doc App is more broadly a medical patient management platform.

(Doc. 16 at 2). Plaintiff further argues that its breach of contract claim lacks a federal question and that, even if they did raise a federal question, remand is still appropriate based on the principles of comity and abstention. (Doc. 16 at 5–11).

Upon consideration of the parties' arguments, United States Magistrate Judge Dudek issued an Order recommending granting in part and denying in part Plaintiff's Motion to Remand. (*See* Doc. 34). Specifically, the Order reasons that "Alter's breach of contract claim doesn't require interpretation of the CSA or any federal law. While the CSA could be a defense, Defendants can raise that issue in state court." (Doc. 34 at 6). Further, the Order recommends denying Plaintiff's request for attorney's fees, finding that the briefing revealed a "colorable, although misplaced, basis for removal based on the language in the initial complaint." (Doc. 34 at 6–7). Defendants timely filed objections to the Order. (Doc. 36).

## STANDARD OF REVIEW

Although the Eleventh Circuit has not addressed the issue, "every court of appeals to consider the question has held that remand to state court should be treated as a matter which may not be resolved by a magistrate judge by order." *Exclusive Grp. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 2:22-CV-474-JES-NPM, 2023 WL 8597520, at *3 (M.D. Fla. Dec. 12, 2023 (collecting cases). The Court will therefore construe the Magistrate Judge's Order (Doc. 34) as a Report and Recommendation, which a District Judge may accept, reject, or modify. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination

of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

## DISCUSSION

Magistrate Judge Dudek reasoned that remand was appropriate given the clear absence of a federal question in Plaintiff's state common law breach of contract claim. (Doc. 34 at 4–6). Defendants filed objections to the Order arguing that: (1) The Doc App's involvement in the medical marijuana industry "presents a substantial federal question requiring adjudication in federal court" (Doc. 36 at 3); (2) when "federal legal questions are implicated" this Court "must determine subject-matter jurisdiction as a foundational judicial responsibility, particularly in light of the conflicting federal and state laws governing the marijuana industry" (*id.* at 4); (3) upon affirmation of federal jurisdiction, "Defendants request an Order Compelling Arbitration, in line with the arbitration clause within the contract" (*id.*); and (4) the contract should be rendered unenforceable because of its association with "activities prohibited under the CSA" (*id.* at 4–5).

After an independent review of the record and upon consideration of Defendants' Objection, the Court finds that Defendants' Objections are due to be overruled, and the Magistrate Judge's Order should be adopted. While Defendants' objections to the Order are overlapping and, at times, repetitive, the Court will address each of them in turn.

### 1. Whether The Doc App's Involvement in the Medical Marijuana Industry Invokes Federal Question Jurisdiction.

Defendants first argue that The Doc App's involvement in the medical marijuana industry "presents a substantial federal question requiring adjudication in federal court." (*Id.* at 3). Defendants claim "the conflict between state-level legalization and federal prohibition under the CSA" invokes a federal question. (*Id.*). The Court is not persuaded.

Any potential conflict between a state-level legalization law and the CSA is irrelevant to Plaintiff's claim which sounds in breach of contract. *See, e.g., MRC44, LLC v. City of Miami*, 561 F. Supp. 3d 1288, 1295 (S.D. Fla. 2021). That Plaintiff's business may tangentially relate to the medical marijuana industry is of no moment because Plaintiff's breach of contract claim does not require any application of a federal law, including the CSA. (Doc. 34 at 6). In sum, the Court overrules this objection.

### 2. Whether Determination of Subject-Matter Jurisdiction is Mandatory.

Somewhat confusingly, Defendants next argue that when "federal legal questions are implicated" this Court "must determine subject-matter jurisdiction as a foundational judicial responsibility, particularly in light of the conflicting federal and state laws governing the marijuana industry." (Doc. 36 at 4). Because the Court rejects Defendants' contention that a federal question is invoked by way of the CSA, it also rejects Defendants' argument that the Court has federal subject matter jurisdiction. At the crux of Magistrate Judge Dudek's determination of

5

whether Plaintiff presented a federal question is the determination of subject-matter jurisdiction. Having already determined subject matter jurisdiction on this basis, this Court overrules Defendants' objection and finds that Magistrate Judge Dudek's reasoning on this point supports remand of the case for lack of federal subject matter jurisdiction.

### 3. Whether Arbitration Should Be Compelled.

For its third objection, Defendants argue that upon affirmation of federal jurisdiction, "Defendants request an Order Compelling Arbitration, in line with the arbitration clause within the contract." (Doc. 36 at 4). Rather than objecting to Magistrate Judge's Order, Defendants instead request the Court to interpret the Listing Agreement's arbitration clause. The Court declines to interpret the Listing Agreement's arbitration clause, as the Court has already determined it lacks subject-matter jurisdiction over the case. Upon remand, the state court would be in best position to review such request. The Court overrules this objection and finds it most appropriate for the state court to decide this issue.

### 4. Whether the Contract is Unenforceable Because of its Relation to a Schedule I Controlled Substance.

Finally, Defendants argue that the contract should be rendered unenforceable because of its association with "activities prohibited under the CSA" (Doc. 36 at 4–5). The Court is not persuaded.

Although not entirely clear, the Court understands Defendants' Objection to take issue with Magistrate Judge Dudek's determination that state court is the proper forum to raise the potential defense of illegality. (Doc. 34 at 6). As

6

addressed in Magistrate Judge Dudek's order, "a case may not be removed to federal court on the basis of a federal defense . . . ." Because the Court does not have subject-matter jurisdiction of the breach of contract claim, it cannot consider any potential defenses relating to its enforceability. This objection goes beyond the purview of the jurisdictional issue at the crux of a motion to remand. Magistrate Judge Dudek generously set forth Defendants' option to assert unenforceability of the Listing Agreement in state court. (Doc. 34 at 6).

In sum, the Court is not persuaded by Defendants' objection on this point and finds that Magistrate Judge Dudek's analysis supports remand of the case for lack of subject matter jurisdiction.

*-Remainder of page intentionally left blank-*

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. Defendants' Objections (Doc. 36) are **OVERRULED**, and the Magistrate Judge's Order (Doc. 34) is **ADOPTED** and made part of this Order for all purposes.

2. The Clerk of Court is directed to remand this case to state court by transmitting a certified copy of the Magistrate Judge's Order (Doc. 34) and this Order to the clerk of court for the Twentieth Judicial Circuit in and for Collier County, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

   **ORDERED** at Fort Myers, Florida on June 14, 2024.

   *[signature]*

   JOHN L. BADALAMENTI
   UNITED STATES DISTRICT JUDGE